UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

BARRINGTON C.,

                Plaintiff,

  v.                                                  5:24-cv-00528 (AMN/TWD)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
_____

**APPEARANCES:**                                        **OF COUNSEL:**

**OLINSKY LAW GROUP**                    **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street – Suite 210
Syracuse, New York 13202
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**    **VERNON NORWOOD, ESQ.**
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On April 16, 2024, Plaintiff Barrington C.[1] commenced this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect his privacy.

insurance benefits and supplemental security income under the Social Security Act. Dkt. No. 1 ("Complaint").

This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks, who, on May 12, 2025, recommended that the Court deny Plaintiff's motion for judgment on the pleadings, Dkt. No. 9, grant the Commissioner's motion for judgment on the pleadings, Dkt. No. 11, and affirm the Commissioner's decision. Dkt. No. 13 ("Report-Recommendation"). Magistrate Judge Dancks advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 21.[2] Plaintiff filed timely objections on May 22, 2025, Dkt. No. 14, and the Commissioner filed a response on June 4, 2025, Dkt. No. 16.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alterations in original) (quoting N.D.N.Y. Local Rule 72.1(c)). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

(citing Fed. R. Civ. P. 72(b) advisory committee note to 1983 addition). Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the Court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

The Court adopts those portions of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein, including the background and legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision. Dkt. No. 13 at 1-8.

As relevant here, Magistrate Judge Dancks found, contrary to Plaintiff's arguments, that the administrative law judge ("ALJ") adequately articulated his consideration of the persuasiveness of certain medical opinion evidence, and that substantial evidence supported the ALJ's findings. *Id.* at 8-20; *see also id.* at 7 ("[T]he ALJ must use five factors to determine the

3

persuasiveness of the medical opinion evidence and prior administrative findings: supportability, consistency; relationship with the claimant; specialization; and any other factors that 'tend to support or contradict' the opinion.") (citations omitted). Magistrate Judge Dancks further found, again contrary to Plaintiff's arguments, that the ALJ's partial reliance on Plaintiff's activities of daily living, without complete explanation, was harmless error, and that the ALJ had neither cherry-picked nor mischaracterized the record. *Id.* at 15-20.

Plaintiff's objections to the R&R largely restate the arguments already presented to, and rejected by, Magistrate Judge Dancks. *See, e.g.,* Dkt. No. 14 at 1-2. The Court thus agrees with the Commissioner that "Plaintiff's objections are a mere rehashing of his initial contentions, and he has not shown that [the] R&R was the result of clear error." Dkt. No. 16 at 2; *see also Timothy B. v. Comm'r of Soc. Sec.*, No. 17-cv-0399, 2018 WL 3853999, at *1 (N.D.N.Y. Aug. 14, 2018) ("Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.") (quoting *Caldwell v. Crosset*, 09-cv-0576, 2010 WL 2346330, at *1 (N.D.N.Y. June 9, 2010)); *Vega v. Artuz*, No. 97-cv-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review[.]"). The Court identifies no clear error within Magistrate Judge Dancks' findings. *See, e.g.*, Dkt. No. 16 at 2-4.

Plaintiff also objects to Magistrate Judge Dancks' determination that substantial evidence in the record supported the ALJ's findings because the evidence Magistrate Judge Dancks discussed was not identical to the evidence the ALJ discussed. Dkt. No. 14 at 1-2. Having reviewed the record evidence in question *de novo*, the Court finds this argument unpersuasive.

4

*Banyai v. Berryhill*, 767 F. App'x 176, 177 (2d Cir. 2019) ("[A]n ALJ is not required to discuss every piece of evidence submitted,' and the 'failure to cite specific evidence does not indicate that such evidence was not considered.'") (quoting *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (*per curiam*)); *Jeremy G. v. Comm'r of Soc. Sec.*, No. 24-cv-00506, 2025 WL 1507232, at *2 (N.D.N.Y. May 5, 2025) ("Where substantial evidence supports the ALJ's findings they must be sustained 'even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [ALJ's].'") (alteration in original) (quoting *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992)).

Plaintiff further objects to Magistrate Judge Dancks' finding of harmless error with respect to the ALJ's partial reliance on Plaintiff's activities of daily living. Dkt. No. 14 at 2-3. The Court finds this argument unpersuasive following *de novo* review, largely for the reasons set forth in the R&R. Dkt. No. 13 at 15-20; *see also Malia Ann B. v. Comm'r of Soc. Sec.*, No. 21-cv-1362, 2023 WL 2838054, at *11 (N.D.N.Y. Feb. 23, 2023) ("[A]n ALJ is entitled to consider a plaintiff's activities of daily living; however, there must be a logical connection between the purported activities and the ALJ's [residual functional capacity] discussion and determination.") (citation omitted), *report and recommendation adopted*, 2023 WL 2623865 (N.D.N.Y. Mar. 24, 2023). The ALJ also relied on other record evidence, Dkt. No. 8 at 25-29, and substantial evidence supports the ALJ's determination, Dkt. No. 13 at 18-20. *See also Porteus v. O'Malley*, No. 23-969, 2024 WL 2180203, at *2 (2d Cir. May 15, 2024) (summary order) ("Nor did the ALJ err, as [plaintiff] suggests, by failing to explicitly repeat his prior examination of the record as part of the persuasiveness analysis.") (citing *Brault*, 683 F.3d at 448). The Court thus agrees that "any such error was harmless because, even if the ALJ had properly explained how plaintiff's activities of daily living translate to an ability to perform sustained work activity, it would not have reasonably

5

affected the ALJ's consistency determination or the ALJ's ultimate conclusion that" the marked limitations in the medical opinion evidence were unpersuasive. *Lawrence K. v. Comm'r of Soc. Sec.*, No. 23-cv-00496, 2024 WL 4133823, at *8 (N.D.N.Y. July 10, 2024) (collecting cases).

Accordingly, the Court adopts the Report-Recommendation in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 13, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion, Dkt. No. 9, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's motion, Dkt. No. 11, is **GRANTED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 16, 2025
       Albany, New York

_____
Anne M. Nardacci
U.S. District Judge